SUTTON v. BAYLES.

(Supreme Court, Appellate Term. March 21, 1912.)

JUDGMENT (§ 167*)—DEFAULT JUDGMENT—VACATION—TERMS.

A default judgment against defendant should be opened on terms securing payment of any judgment finally obtained and a speedy trial, with payment of proper costs to plaintiff's attorney, where there have been numerous defaults in the cause, chargeable in equal degree to the parties.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 326, 330, 333, 334; Dec. Dig. § 167.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by McWalter B. Sutton against Chester A. Bayles. From an order refusing to open a default, defendant appeals. Order reversed, and default opened conditionally.

See, also, 132 N. Y. Supp. 327.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Chester A. Bayles, in pro. per.
Max Brown, for respondent.

PER CURIAM. There have been numerous defaults herein, which have been opened on terms, and the various missteps throughout the proceeding seem to have been chargeable in about equal degree to the plaintiff and defendant. The last default, in the course of events, happened to be due to the neglect of the defendant. Under the unusual circumstances presented by this case, we think the motion to open defendant's default should have been granted. Defendant has given a surety company bond, and is willing to stipulate that the case shall be tried on any day the court may order. As this action involves the personal reputation and standing of a member of the bar, every opportunity should be afforded to both sides for a speedy and fair

trial of the issues. The motion to open the default should therefore be granted, but upon compliance with the following terms:

Order reversed, and default opened, upon condition that the defendant pay to the plaintiff's attorney the sum of $10 costs; that the defendant file an undertaking, if one has not already been given, to the effect that any judgment that may ultimately be obtained against the defendant, and the costs thereof, will be paid, and the filing of a stipulation that the defendant will try the case upon a day certain, within 30 days after the entry of an order of this court, and notice of the entry of the same—all of the foregoing conditions to be complied with within 5 days after the entry of the order herein and notice of its entry. Otherwise, order affirmed, with costs. If said terms are complied with, no costs of this appeal to either party.